Roy W. TATE, Plaintiff,

v.

LONG ISLAND RAILROAD COMPANY
and Metropolitan Transportation
Authority, Defendants.

No. 76 C 716.

United States District Court,
E. D. New York.

July 1, 1976.

O'Hagan, Reilly & Gorman, for plaintiff; Peter M. J. Reilly, Jr., New York City, Richard F. Pohl, of counsel.

George M. Onken, Jamaica, N. Y., for defendant Long Island Railroad Co.; William J. Pallas, Armand J. Prisco, Jamaica, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff on April 6, 1976 instituted the above entitled action in the Supreme Court, County of Suffolk, State of New York. It was removed to this Court. It is alleged that the plaintiff's reinstatement of employment is sought together with damages.

The plaintiff, an engineer aboard train No. 268 alleges that he was proceeding eastbound to his destination in Ronkonkoma. The train eventually arrived in the proximity of his destination, and thereupon the plaintiff attempted to brake the train, however, without success. The plaintiff then commenced emergency stop procedures, but was unable to stop the train, prior to striking other trains within the station area.

A subsequent investigation by the defendant railroad Company into the cause of the accident indicated that the plaintiff was the cause of this occurrence, and was discharged from his employment.

It is conceded that the plaintiff exhausted his administrative remedies, pursuant to the collective bargaining agreement, and the Railway Labor Act.

The issue is whether a district court has jurisdiction to entertain the present action

for an alleged wrongful discharge, pursuant to the Railway Labor Act, subsequent to the exhaustion of all administrative remedies by the plaintiff.

The defendant now moves for an order dismissing the complaint, pursuant to Rule 12(b)(c), and for summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

At the outset the court determines that this entire action arises out of the collective bargaining agreement. It is immaterial that the plaintiff, in an attempt to circumvent the statute, has sounded his second cause of action in tort.

In *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95, the court held, in part, at pages 323–324, 92 S.Ct. at page 1595:

"The fact that petitioner characterizes his claim as one for 'wrongful discharge' does not save it from the Act's mandatory provisions for the processing of grievances."

In *Diamond v. Terminal Railway Alabama State Docks,* 5 Cir., 421 F.2d 228, the court held, in part, at pages 232–233:

"The Adjustment Board is an expert body designed to settle 'minor' disputes that arise from day to day in the railroad industry. *Gunther v. San Diego & Arizona Eastern Ry. Co.,* 382 U.S. 257, 261, 86 S.Ct. 368, 370, 15 L.Ed.2d 308 (1965). The provisions of the Railway Labor Act dealing with the Adjustment Board are to be considered as 'compulsory arbitration in this limited field.' [Cases cited.] The federal courts do not sit as super arbitration tribunals in suits brought to enforce awards of the Adjustment Board. They may not substitute their judgments for those of the Board divisions. They need not inquire whether substantial evidence supports the Board's awards. Under the Railway Labor Act, as amended in 1966, Pub.L. No. 89–456, 80 Stat. 208, the range of judicial review in enforcement cases is among the narrowest known to the law. Board awards are 'final and binding' upon the parties. In court the findings and order of the Board are 'conclusive.' Judicial review of orders is limited to three specific grounds: (1) failure of the Board to comply with the Act, (2) fraud or corruption, or (3) failure of the order to conform, or confine itself, to matters within the Board's jurisdiction. Railway Labor Act § 3 First (p), 45 U.S.C. § 153 First (p) (1964), as amended (Supp. IV, 1968). Only upon one or more of these grounds may a court set aside an order of the Adjustment Board."

In *Andrews v. Louisville & Nashville Railroad Co.,* supra, the court held, in part, 406 U.S. at page 325, 92 S.Ct. at page 1565:

" * * * A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding. *Union Pacific R. Co. v. Price,* 360 U.S. 601 [79 S.Ct. 1351, 3 L.Ed.2d 1460] (1959). He is limited to the judicial review of the Board's proceedings that the Act itself provides. *Gunther v. San Diego & A. E. R. Co.,* 382 U.S. 257 [86 S.Ct. 368, 15 L.Ed.2d 308] (1965). In such a case the proceedings afforded by 45 U.S.C. § 153 First (i), will be the only remedy available to the aggrieved party."

In the case at bar the plaintiff seeks to relitigate the identical issue decided against him by the Board. This he may not do pursuant to the above authorities.

The court, however, will treat the complaint as one to review the administrative proceedings heretofore conducted by the Board.

There is no showing of any failure of the Board to comply with the Act, fraud or corruption, or failure of the order to conform, or confine itself to matters within the Board's jurisdiction.

Therefore, the motion for summary judgment must be granted.

It is so ordered.